UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSICA GRANT,<br><br>Defendant. | 3:21-CR-30118-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR REDUCTION IN SENTENCE AND MOTION TO APPOINT COUNSEL |

Defendant Jessica Grant pleaded guilty to conspiracy to distribute a controlled substance and was sentenced by this Court to 132 months imprisonment. Doc. 58. Grant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, Doc. 59, and a motion to appoint counsel to assist with her sentence reduction motion, Doc. 60. In her motion for sentence reduction, Grant indicated she was seeking a reduction under Part B to Amendment 821, but she raises both Part A and Part B in her motion to appoint counsel. This Court will address both grounds for a sentence reduction. The Government filed a response, opposing a sentence reduction and arguing Grant is ineligible. Doc. 25. The Federal Public Defender of North and South Dakota by Standing Order has received appointment to represent defendants in such cases, but chose not to supplement the record on Grant's motion. For the reasons explained below, Grant's motions are denied.

1

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points. On August 24, 2023, the Commission decided that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

In determining whether a sentence reduction is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). Further, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Dillon v. United States, 560 U.S. 817, 821 (2010) (quoting § 1B1.10(b)(2)(A)).

Grant did not receive an additional 2 "status points" for committing her offense while under any criminal justice sentence. Doc. 51. Thus, Part A does not apply to her case.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission, effective November 1, 2023, added what now appears in §4C1.1(a), providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision states:

§4C1.1. Adjustment for Certain Zero-Point Offenders
(a) ADJUSTMENT.—If the defendant meets all of the following criteria:
   (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
   (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
   (3) the defendant did not use violence or credible threats of violence in connection with the offense;
   (4) the offense did not result in death or serious bodily injury;
   (5) the instant offense of conviction is not a sex offense;
   (6) the defendant did not personally cause substantial financial hardship;
   (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
   (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
   (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
   (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
   decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Sentencing Commission determined that this change would apply retroactively. The Sentencing Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Grant fails to meet the criteria for a sentence reduction pursuant to Part B because she was not a zero-point offender. Grant arrived at sentencing with 4 criminal history points. Thus, Part B does not apply to her case.

Finally, Grant's motion to appoint counsel to assist with the sentence reduction motion is denied as moot. By standing order, the Federal Public Defender of North and South Dakota had already been appointed, but chose not to supplement Grant's motion. Moreover, because this Court has determined that Grant is ineligible for a sentence reduction under both Part A and Part B to Amendment 821, appointment of counsel would be unnecessary. Therefore, it is

ORDERED that Grant's motion for a sentence reduction, Doc. 59, is denied. It is further

3

ORDERED that Grant's motion to appoint counsel, Doc. 60, is denied as moot.

DATED this 4th day of November, 2024.

                              BY THE COURT:

                              ROBERTO A. LANGE
                              CHIEF JUDGE